UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                  :
                                                                              :    Chapter 11
EASTGATE WHITEHOUSE, LLC,                          :
                                                                              :    Case No.: 22-22635 (SHL)
                                               Debtor.              :
-------------------------------------------------------------x
DAVID WALLACE, as Chapter 11 Plan            :
Administrator of the ESTATE OF                       :
EASTGATE WHITEHOUSE, LLC,                       :
                                                                              :    Adv. Proc. No.: 24-07015 (SHL)
                                           Plaintiff,               :
        -against-                                                       :
                                                                              :
BIG MAN CITY LAUNDRY LIMITED,              :
WILLIAM W. KOEPPEL and HARRISON        :
KOEPPEL,                                                            :
                                                                              :
                                           Defendants.          :
-------------------------------------------------------------x

## STIPULATION AND ORDER RESOLVING PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

WHEREAS, on August 19, 2022, Eastgate Whitehouse LLC (the "Debtor") filed a voluntary Chapter 11 bankruptcy petition with this Court;

WHEREAS, the Debtor's principal, and sole income producing, asset is its interest as a ground lessee under the ground lease with respect to the real property located at 949 First Avenue a/k/a 350 East 52nd Street, New York, New York (the "Property");

WHEREAS, or about September 30, 2021, the Debtor entered into an agreement with defendant Big Man City Laundry Limited ("Big Man") entitled: "Laundry Service Agreement (Lease)" (the "Laundry Room Agreement");

WHEREAS, Big Man has operated the laundry room (the "Laundry Room") at the Property pursuant to the Laundry Room Agreement;

1

WHEREAS, on November 17, 2023, Barclays Bank, PLC filed *Barclays Bank PLC's Chapter 11 Liquidating Plan for the Debtor* (the "Plan");

WHEREAS, on January 18, 2024, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Plan, as modified by the Confirmation Order (the "Confirmed Plan");

WHEREAS, plaintiff David Wallace was appointed plan administrator (the "Plan Administrator") pursuant to the Confirmed Plan and Confirmation Order to, *inter alia*, take over post-confirmation management of the Debtor and its assets, and was granted authority to commence actions against the defendants in this adversary proceeding;

WHEREAS, pursuant to the Confirmed Plan and Confirmation Order, the Laundry Room Agreement was rejected by the Debtor under Bankruptcy Code § 365 (the "365 Rejection");

WHEREAS, notwithstanding the 365 Rejection, Big Man did not relinquish possession, custody or control of the Laundry Room to the Plan Administrator, asserting that it had certain rights under Bankruptcy Code § 365(h);

WHEREAS, on July 28, 2024, the Plan Administrator commenced the above-captioned adversary proceeding against Big Man, William W. Koeppel and Harrison Koeppel (collectively, the "Defendants") by filing a complaint (the "Complaint") asserting, *inter alia*, that the Debtor's entry into the Laundry Room Agreement was void or voidable under the Debtor's limited liability operating agreement, and was also a fraudulent conveyance under the Bankruptcy Code and the New York Debtor and Creditor Law, and that the Laundry Room Agreement was not a "lease" within the meaning of Bankruptcy Code § 365(h);

WHEREAS, on August 1, 2024, the Defendants filed their answer and affirmative defenses (the "Answer") to the Complaint;

2

WHEREAS, on August 15, 2024, the Plan Administrator filed a motion for partial summary judgment (the "Partial Summary Judgment Motion") in the Adversary Proceeding with respect to certain of the Complaint's causes of action;

WHEREAS, the Partial Summary Judgment Motion seeks entry of judgment determining that the Laundry Room Agreement is void, or avoiding the Laundry Room Agreement, and requiring the Defendants to turn over, vacate and/or relinquish possession, custody and control over the Laundry Room; and

WHEREAS, the Plan Administrator and the Defendants desire to resolve the Partial Summary Judgment Motion on the terms and conditions set forth in this stipulation (the "Stipulation"),

NOW, THEREFORE, it is stipulated and agreed by and between the undersigned parties as follows:

1. The Plaintiff and Defendants agree that the Laundry Room Agreement is terminated, and neither the Debtor nor the Defendants shall have any further rights or obligations under the Laundry Room Agreement. The Plaintiff and Defendants disagree as to the date that the Laundry Room Agreement terminated, and the Plaintiff and the Defendants agree that a determination of the date of termination of the Laundry Room Agreement will be decided at a later point in the Adversary Proceeding.

2. Defendants waive any rights that they may have had under Bankruptcy Code §365(h)(1)(A) with respect to the Laundry Room Agreement.

3. From and after the date of this Stipulation, neither Defendants nor anyone acting on their behalf shall physically enter the Laundry Room nor take any action with respect to the Laundry Room operation, including but not limited to accessing the Laundry Room Machinery (defined in paragraph 4, below) or initiating repairs of such machinery.

4. As of the date of this Stipulation, the Defendants shall be deemed to have immediately relinquished and turned over possession, custody, and control of the Laundry Room to the Plan Administrator. The Defendants acknowledge and agree that, as of the date of this Stipulation, they have no rights, possessory or otherwise, to the Laundry Room or any machinery (the "Laundry Room Machinery") located in the Laundry Room, including without limitation washers, dryers and value transfer machines. To the extent that the Defendants have any ownership interest in the Laundry Room Machinery, such interest shall be deemed abandoned to the Plan Administrator on behalf of the Debtor's estate as of the date of this Stipulation. The Defendants represent: (i) the Laundry Room Machinery is not leased from any person or entity; (ii) there is no financing in place which is secured by the Laundry Room Machinery, and (iii) there exist no liens on the Laundry Room Machinery.

5. On or within two business days after the date of this Stipulation, the Defendants shall deliver or cause to be delivered all keys to the Laundry Room Machinery to Trigild Property Management LLC, which is the managing agent of the Property, in accordance with instructions furnished by the Plan Administrator's counsel.

6. On or within two business days after the date of this Stipulation, all moneys contained in the Laundry Room Machinery shall be removed from such machinery in the presence of a witness for each of the Plan Administrator and the Defendants and such funds, along with credit card receipts (if applicable) through the date thereof, shall be deposited with, and held in escrow by, counsel for the Defendants, Zukerman Gore Brandeis & Crossman, LLP ("ZGBC"), along with all funds from the Laundry Room which were previously deposited in escrow with ZGBC in the amount of $27,070.00, and all such funds shall continue to be held in escrow by ZGBC, pending further Order of the Court (the "Escrowed Funds"). The Plan Administrator and Defendants each reserve all rights to assert an ownership interest in the Escrowed Funds. The Defendants reserve their right to assert that any payments made by

any Defendants on account of repairs to or servicing of the Laundry Room Machinery made prior to the date of this Stipulation should be reimbursed from the Escrowed Funds. The Plan Administrator shall be responsible for payment of any repair bills with respect to the Laundry Room Machinery from the date of this Stipulation going forward.

7. All revenues generated by the Laundry Room and the Laundry Room Machinery after the removal of all moneys set forth in the previous paragraph, shall be the sole and exclusive property of the Debtor, and none of the Defendants shall have any interest in such moneys.

8. Starting on the date of this Stipulation, all costs associated with the operation and repair of the Laundry Room Machinery shall be borne exclusively by the Debtor.

9. While this Adversary Proceeding is pending, the Plan Administrator shall provide a monthly accounting of all funds received by it in connection with the Laundry Room Machinery to counsel for the Defendants. Within fourteen (14) days after entry into this Stipulation, the Defendants shall provide to counsel for the Plaintiff, an accounting of all revenues received by the Defendants from the Laundry Room from the date of its execution of the Laundry Room Agreement (September 30, 2021) through the date of this Stipulation, along with documentation supporting such accounting.

10. The Plan Administrator and the Defendants expressly reserve any and all claims, rights and defenses to the Escrowed Funds, which claims, rights and defenses will be determined at a later date in connection with this Adversary Proceeding.

11. All claims, rights and defenses asserted in the Complaint and Answer which have not been resolved in this Stipulation are hereby preserved, including the Plan Administrator's right to recover funds or money damages against the Defendants, and the Defendants' defenses thereto.

12. Upon Court approval of this Stipulation: (i) the Partial Summary Judgment Motion shall be deemed withdrawn as moot, without prejudice to Plaintiff's right to seek other relief by motion or

otherwise, including without limitation by subsequent motion for summary judgment on claims, issues and relief beyond the relief regarding possession and control of the Laundry Room sought in the Partial Summary Judgment Motion; (ii) the September 18, 2024 hearing as it relates to the Laundry Room shall be cancelled; (iii) William W. Koeppel shall not be required to personally appear at the September 18, 2024 hearing before the Bankruptcy Court, and (iv) Barclays Bank PLC's proposed order filed on presentment in this Chapter 11 case on August 9, 2024 [ECF No. 324] shall be deemed withdrawn as moot.

Dated: September __, 2024
       Uniondale, New York

| WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP | ZUKERMAN GORE BRANDEIS & CROSSMAN, LLP |
|---|---|
| By: _/s/ Mickee M. Hennessy_____<br>John E. Westerman, Esq.<br>William C. Heuer, Esq.<br>Todd M. Gardella, Esq.<br>Mickee M. Hennessy, Esq. | By: ___/s/ *Karen S. Park*_____<br>Karen S. Park<br>Edward L. Powers<br>Michele Marie Bowman Cornea<br>Eleven Times Square<br>New York, New York 10036 |
| *Special Litigation Counsel to David Wallace Chapter 11 Plan Administrator of the Estate of Eastgate Whitehouse LLC* | *Attorneys for Defendants Big Man City Laundry Limited, William W. Koeppel and Harrison Koeppel* |

**So Ordered:**
This 16th day of September 2024

*/s/ Sean H. Lane*
**Hon. Sean H. Lane**
**United States Bankruptcy Judge**

03091970.DOCX